NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3178

BRUCE L. WILLIAMS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 11, 2006
_____

Before LOURIE, RADER, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

Bruce L. Williams petitions for review of the final decision of the Merit Systems Protection Board (the "Board") denying his petition for enforcement. Williams v. Office of Pers. Mgmt., No. AT-844E-01-0456-C-1 (M.S.P.B. February 25, 2005) ("Decision").  We affirm-in-part, vacate-in-part, and remand for clarification.

BACKGROUND

In 2001, Williams appealed a reconsideration decision issued by the Office of Personnel Management ("OPM") that denied his application for disability retirement benefits under the Federal Employee Retirement Systems ("FERS"). Following OPM's representation that it would rescind its reconsideration decision

in light of new medical evidence presented by Williams and grant him disability retirement benefits, the Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction.

In 2004, Williams sent a letter to the Board, alleging that the United States Postal Service ("Postal Service") had not complied with its settlement obligations resulting from the 2001 appeal. Williams asserted that the Postal Service "did not protect my credit or doctor bills," that there were errors in the calculation of his thrift savings plan, that OPM incorrectly calculated his retroactive pay, and that OPM requested a medical report and informed him that without such a report, his disability retirement benefits "will be suspended."

The Board considered Williams' letter to be a petition for enforcement, and it issued an "Acknowledgement Order" that directed OPM to file a written response to the petition for enforcement and to contact Williams regarding the matter. OPM did not file such a response and purportedly did not contact Williams.

On February 24, 2005, the AJ issued a decision denying Williams' petition for enforcement. The AJ determined that Williams' allegations with respect to the Postal Service's actions or omissions "have no bearing on the underlying disability retirement appeal at issue here." Decision, slip op. at 2. The AJ also concluded that OPM was expressly authorized under FERS regulations to seek information from Williams concerning his disability. Therefore, according to the AJ, such activity did not constitute noncompliance with the Board's final decision. Thus, the AJ denied William's petition.

The initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113. Williams timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). A Board decision is unsupported by substantial evidence when it lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938)).

On appeal, Williams contends that he was not given the opportunity to correspond with the OPM for settlement purposes and that OPM never contacted him. Williams also appears to allege that his retirement and social security benefits were incorrectly calculated for purposes of retroactive pay. Furthermore, in his initial letter to the Board, Williams alleged that OPM improperly requested additional medical reports relating to his disability benefits.

OPM responds that the Board correctly decided that OPM could seek information from Williams relating to his continuing disability. Furthermore, OPM

asserts that the AJ correctly concluded that allegations relating to whether OPM calculated Williams' retroactive pay properly had no bearing on the underlying disability retirement appeal at issue. OPM further responds that its alleged failure to contact Williams pursuant to the "Acknowledgement Order" did not constitute reversible error.

We conclude that the Board's determination that OPM could request such medical evidence under 5 C.F.R. § 844.401 was not arbitrary or capricious because the statute expressly allows OPM to request such information. See 5 C.F.R. § 844.401 ("Each annuitant receiving disability annuity from the Fund shall be examined under the direction of OPM at the end of one year from the date of the disability retirement and annually thereafter until the annuitant becomes 60 years of age unless the disability is found by OPM to be permanent in character. OPM may order a medical or other examination at any time to determine the facts relative to the nature and degree of disability of the annuitant.").

However, Williams' allegation that the AJ failed to consider that OPM did not contact him as required in the "Acknowledgement Order" seems to be related to Williams' argument that his retroactive pay was calculated incorrectly. The government does not address that argument except to state that it was harmless error without indicating how OPM's failure to contact Williams to explain its calculation of retroactive pay was harmless error. We cannot ascertain from the Board's decision why that purported inaction does not relate to the "underlying disability retirement appeal." The Board states that there is no relation between the "acts or omissions" of OPM and the underlying disability appeal, but does not

provide any reasoning for this determination. On the contrary, it would appear that incorrectly calculating pay from a settlement resulting from the initial disability appeal would be related to the underlying disability retirement appeal. The Board, however, found otherwise, without explanation. If the Board believed that OPM's acts or omissions relating to the "Acknowledgement Order" had no bearing on what it considered to be a petition for enforcement of a settlement agreement, it must elaborate on such a decision by providing proper reasoning.

The apparent purpose of the "Acknowledgement Order" was to require OPM to justify to Williams its calculation of retroactive pay. It is not clear to us that that order was complied with. Because it is unclear from the Board's decision why OPM's acts or omissions had no bearing on the petition for enforcement, we vacate and remand to the Board on this issue for further fact-finding or to explain why the alleged acts or omissions had no bearing on his disability settlement. We therefore affirm-in-part, vacate-in-part, and remand.